# Eugene W. Gokey v. Marion Gokey

[ 248 A.2d 738 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*Thomas P. Salmon, Esq.,* for the Petitioner.

*Joseph S. Wool, Esq.,* for the Petitionee.

**Keyser, J.** This is a petition for the change of custody of a minor child of the parties. On November 7, 1963, after contest, the petitioner was granted a nisi decree of divorce from the petitionee on the ground of three years separation without fault of the libellant. The custody of a minor child, Kathy Ann, was decreed to the libellee. The libellant now seeks to have the custody of the child decreed to him. The petition brought September 30, 1965, was not heard until November 10, 1967.

On its findings of fact the court issued a decree awarding custody to the petitioner. The petitionee has appealed.

■ After granting a divorce the court upon petition of a parent has authority to annul, vary or modify the order for the care and custody of minor children as it deems expedient. 15 V.S.A. §292. It is the settled law of this court that to warrant the modification of a custody order the petitioner must show a substantial change in the material circumstances since the date of the decree. *Buckminster* v. *Buckminster,* 38 Vt. 248, 250; *McKinney* v. *Kelley,* 120 Vt. 299, 302, 141 A.2d 660; *Miller* v. *Miller,* 124 Vt. 76, 79, 197 A.2d 488. It is equally well settled that it is the welfare of the child which in the last analysis is determinative in a custody matter. *McKinney* v. *Kelley, supra,* at page 302, 141 A.2d 660. Change of circumstances is not a ground for modification of a custody order. It is a prerequisite. *Ibid.* Thus, the petitioner must first prove a "substantial change in the material circumstances" and next prove that under the new conditions a change of custody is in the best interests of the child.

The first question raised by petitionee's exceptions to the findings is whether a substantial change in circumstances and conditions have developed subsequent to the divorce decree granted November 7, 1963. The revisionary power of the county court is first limited to this consideration. *Loeb* v. *Loeb,* 120 Vt. 489, 497, 144 A.2d 825.

By Finding No. 17 the court found "That since the date of the divorce decree above referred to, there has been a change of circumstances as far as the parties here involved are concerned."

It further found by No. 18 "That it would be in the best interest of said minor child that custody be vested in the libellant."

The findings of the court show the following facts. Each party has remarried. Both petitioner and his wife are employed in Bellows Falls and have a gross income of about $150.00 per week. They live in an apartment in Saxtons River having ample room for the child to live with them. Petitioner is a hard worker and owns some real estate. If the child were to be located in petitioner's house his wife would give up her job to stay at home. The petitionee married her first cousin and they both work in Windsor and live in an apartment there. The petitionee works from 3:00 P.M. to 11:00 P.M. and her husband takes care of Kathy when she gets home from school until bedtime. Kathy resided with the petitionee's mother, Mildred Whitcher, from the fall 1963 through the fall of 1966. The petitionee

visited her daughter occasionally. Kathy visited her father about a week in the summer of 1966 and again in 1967. She also spent around two days with him at Christmas time in 1966. The petitioner's visitations with Kathy at St. Johnsbury, Danville and Groveton, N.H. were limited and difficult because of the attitude of the adult parties involved.

The undisputed evidence shows the child began living with her grandmother from the time she was two months old. She was born October 20, 1959, so that at the time of the trial of the divorce in 1963, Kathy had been living with her grandmother nearly four years and continued to live there until 1966. At that time she was taken into her mother's home where she has since remained. There is no evidence that the child has ever lived with her father. The court did not find that the home is not a suitable place for the child.

■■ The petitioner alleges he is presently the most suitable person to have the care and custody of the minor child but this is not the test here. There is neither an allegation nor finding that the child since the order was made has not been properly brought up by her mother. The findings do not mention any mistreatment of Kathy by her mother or stepfather, or their lack of affection for her. Nor is there any finding of neglect of the child, or of improper care and supervision by the petitionee.

While the findings show that there have been some changes in the circumstances "as far as the parties involved are concerned" they do not reflect "a substantial change in the material circumstances." We find no support in the evidence or in the facts found to warrant an affirmative finding on the question of whether a substantial change in the material circumstances has occurred.

The facts found by the lower court fail to demonstrate that the uprooting of a child of nine from satisfactory custodial arrangements, that have prevailed throughout her young lifetime, can contribute to the child's welfare or serve the paramount interest of the child's well being. No facts are alleged or found which justifies the order granting a change of custody.

*For the reasons stated, the judgment order of the county court is reversed. The petitioner prayed for an enlargement of the visitation rights granted him in the original order and the cause is remanded for a determination of this limited issue.*