## Philip F. Gerety v. Dawn V. Gerety

[306 A.2d 693]

No. 85-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

*Parker & Lamb,* Springfield, for Plaintiff.

*Paul A. Bourdon, Esq.,* Woodstock, for Defendant.

**Daley, J.** The plaintiff obtained a decree of divorce from the defendant in the Windsor County Court on February 13, 1969, on the ground of intolerable severity. By order contained in the decree, the custody of the three minor children of the parties was awarded to the plaintiff subject to the right of reasonable visitation by the defendant. On February 3, 1972, the defendant petitioned the same court for a change of custody. After hearing, the court filed findings of fact, conclusions of law, and judgment was entered awarding custody of the children to the defendant subject to the right of visitation by the plaintiff at all reasonable times and places and the further right to have said children with him at reasonable

times and places. The plaintiff has appealed challenging the findings of fact as being unsupported by the evidence; he also contends that the trial court lacked jurisdiction because, although it found change of circumstances, it failed to find that the change of circumstances was of a substantial nature.

It is the settled law of this Court that to warrant the modification of a custody order, the petitioner must show a substantial change in the material circumstances since the date of the decree. Thus the petitioner must prove a substantial change in the material circumstances and that under the new conditions a change of custody is in the best interests of the child or children. *Gokey* v. *Gokey,* 127 Vt. 334, 335, 248 A.2d 738 (1968); *McKinney* v. *Kelley,* 120 Vt. 299, 302, 148 A.2d 660 (1957). It is equally well settled that it is the welfare of the child which in the last analysis is determinative in a custody matter. *Gokey* v. *Gokey, supra.*

The evidence discloses and the court found that at the divorce hearing the defendant was not present nor was she represented by counsel. At the time of the divorce and subsequent thereto, the children, two boys now 9½ and 11 years of age and a girl now 7½ years of age, were living with the plaintiff in the former home of the parties in Weathersfield, Vermont, which was decreed to the plaintiff. The defendant at the time of the divorce was distraught and had left the children although she knew they would be well cared for by the plaintiff, his parents and her parents.

In her petition for modification the defendant appellee alleged that her ability to care for the children had changed, and that the present existing arrangements as to the care of the children have vastly changed. She further alleged that the children were being unnecessarily disciplined, and the present home environment is one lacking in love and affection for the children.

The following changes, which are not challenged by the plaintiff, were found by the trial court: After a passage of approximately ten months from the time the defendant left the plaintiff with the children, she reestablished contact with the children and has visited them every three or four weeks. She has remarried and now lives with her husband in Rhine-

beck, New York. They live in a large mobile home with adequate space for the children. The defendant's present husband is a chef who earns approximately fifteen thousand dollars a year. If awarded custody, the couple will sell the trailer and purchase a home in New York or in Vermont. The relationship between the children and the husband of the defendant is a satisfactory one. The natural mother has shown love and affection toward her children who have reciprocated on the occasions of her visitations. This has also been the case when they have been with her on occasions at her home in New York and at a summer cottage in Vermont owned by her parents.

The plaintiff has not remarried. Since June of 1971, the children, who were formerly cared for by the plaintiff with the aid of persons employed by him when he was working, have been cared for by a married woman who lives in the common household. She occupies a common bedroom with the plaintiff; they intend to marry if and when she obtains a divorce from her husband. She has a child who also lives in the common household. The home is neat and clean; the children are furnished good meals and are well clothed. The court found that Mrs. Lawson, however, does not and cannot substitute for the children's true mother.

The discipline of the children is exercised by their father, but left primarily to Mrs. Lawson to whom the plaintiff has entrusted such authority. In this respect, the court in its findings of fact, found in Finding No. 31:

> "[T]he plaintiff and Mrs. Donna Lawson have repeatedly used excessive corporal punishment on the children out of proportion to the gravity of the disobedience and that if such practice is continued, it cannot help but affect the physical, spiritual and mental well-being of the children. Neither the plaintiff nor Mrs. Donna Lawson have convinced the Court that they would change their method of chastising the children in the future."

The plaintiff contends that there is no evidence to support the conclusion that corporal punishment had been repeatedly or excessively administered to the children; and that there was no evidence of any standard or criteria as to what con-

stitutes excessive punishment. He further claims that the court failed to find that the punishment was abusive rather than corrective.

This trial court had before it testimony as to the method employed in the administration of discipline. It also had before it the nature of the so-called infractions—running in the house; failure to tell the truth; disobedience by getting feet wet and playing in the garage. By subsidiary findings, which are unchallenged, the court found that the children were chastised, as the plaintiff and Mrs. Lawson termed the same, by the use of a ⅜-inch plywood paddle which the plaintiff made for such purpose, and a two-inch wide leather belt folded over. Such corporal punishment was administered on the average of twice a week. The petitioner, the defendant appellee, introduced evidence of black and blue marks and bruises found on the lower part of the children's bodies. On one occasion the little girl had what appeared to be marks left by the belt upon her legs. One of the boys in February, 1972, told an examining physician that the five bruises on his right thigh and the large light brown bruises on his back, observed and testified to by the doctor, had been caused by his being spanked by Mrs. Lawson because of wet boots; further, that he was afraid to tell his teacher about previous spankings because of his fear of another spanking.

The evidence as to the causation of the marks and bruises was conflicting; both the plaintiff and Mrs. Lawson denied that their use of the instruments of punishment caused any mark or bruise or that the chastisement was more than required in the exercise of proper and necessary discipline. A finding must stand if there is legitimate evidence fairly and reasonably tending to sustain it. The fact that the evidence is conflicting cannot avail the excepting party, for all conflicts must be resolved against him on review; and the weight of the evidence and the credibility of the witnesses is for the trial court. *New England Rod Machinery Co.* v. *Calkins*, 121 Vt. 118, 120, 149 A.2d 734 (1959).

The court's Finding No. 31 is supported by subsidiary findings based upon evidence sufficient to support the facts and conclusions therein contained. It is further supported

by additional evidence in the record. Upon conflicting evidence the question of corporal punishment and whether or not it was excessive was properly determined by the trial court and, not being clearly erroneous, will stand. See V.R.C.P. 52.

■ The contention of the plaintiff that the court had before it no evidence or any standard or criteria as to what constitutes excessive punishment is concluded by the very facts found by the court and will not be discussed here.

There can be no fixed standards to determine what constitutes a substantial change in material circumstances. The court is guided by a rule of very general application that the welfare and best interests of the children are the primary concern in determining whether the order should be changed. *Miles* v. *Farnsworth,* 121 Vt. 491, 495, 160 A.2d 759 (1960).

■ The trial court upon its findings of fact found a material change of circumstances. Although it did not find, in so many words, that the change was of a substantial nature, such fact is sufficiently demonstrated by its findings and conclusions of law. Having found a change substantial in nature, the trial court then concluded that the welfare and best interests of the children would be served by a change in their custody. In so doing, it was called upon to exercise its sound judgment and discretion.

■ Regardless of what this court or some other court might have done in the circumstances, the record does not show that the discretion of the court was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable, which is the recognized test in this state. *Lafko* v. *Lafko,* 127 Vt. 609, 619, 256 A.2d 166 (1969); *McKinney* v. *Kelley, supra,* 120 Vt. at 309.

The judgment order of the county court will not be disturbed. The court had jurisdiction; the findings are supported by the evidence; and the judgment is supported by the findings of fact and conclusion of the law.

*Judgment affirmed.*