# Judith F. Hayes v. James A. Hayes

[476 A.2d 135]

No. 83-144

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 20, 1984

*Robert Reis* of *Biederman, Rakow & Medor, P.C.*, Rutland, for Plaintiff-Appellant.

*Karl W. Neuse,* Middlebury, for Defendant-Appellee.

**Underwood, J.** Plaintiff, the mother, appeals from a March 2, 1983, modification order of the Rutland Superior Court that awarded custody of the parties' two minor children to defendant, the father. This order modified an original award of custody to the plaintiff as part of a divorce decree dated February 17, 1981 (original order). Both orders were accompanied by written findings of fact and conclusions of law.

The facts leading up to the modification order are as follows. After the original order, plaintiff, who then had custody of the children, made several moves within Vermont. These moves involved placing the children in several different school districts. She lived in at least two trailers, which were often crowded with her relatives and with relatives of her boyfriend. These moves occurred within a period between December 31, 1981, and May of 1982. Her moves prior to the final order had all been within the same school district.

In late August of 1982, plaintiff and her children moved to Maine, where she purchased a large old house. Her boyfriend and his son resided there with her and the children. The house needed renovation to be comfortable, and apparently it was set up so that a portion could be rented as a separate apartment. Plaintiff sent her boyfriend and his son away from the house after she was served with notice of the custody modification hearing.

On May 23, 1981, the defendant remarried. His new wife worked as a nurse at the Brandon Training School. She had custody of a minor child from a previous marriage, and the three lived together at defendant's residence. The court found

that defendant's wife would "consider resigning her job to devote more time to her family if custody of the boys were awarded to [the defendant]."

The court also found that the defendant had given up moonlighting and had established regular working hours. Similarly, the court found that he had given up most of his numerous town and civic activities since remarriage. Both of these findings contrasted with those made at the time of the original order: prior to the original order, the defendant spent considerable time with town activities and regularly moonlighted as a carpenter.

Prior to the original hearing, defendant earned approximately $255 net per week (including moonlighting) ; at the time of modification hearing he was earning about $30,000 a year working regular hours. The court also found that he had kept his drinking to a moderate level since the divorce in contrast to drinking "immoderately" prior to the divorce. Next the court found a substantial change in material circumstances since the date of the original order: because the home environment and family life of the defendant had improved, not only with respect to what it was at the time of the original order, but also with respect to the environment and family life of the plaintiff.

The court identified and weighed the factors concerning the merits of each party as a custodial parent in order to evaluate the best interests of the children. The court ultimately concluded that it was in the best interests of the children for custody to be entrusted to their father.

Plaintiff advances two arguments on appeal. First, she argues that there was no substantial change in circumstances sufficient to warrant modifying the original custody order. She also argues that the court erred by taking evidence and making findings about the circumstances of the parties prior to the original custody order embodied in the decree of divorce. We will treat these arguments in order.

The crux of plaintiff's first argument is that there is no significant difference between the circumstances at the time of the original hearing and the circumstances at the time of the modification hearing. Next, we will discuss the law governing modification of child custody.

15 V.S.A. § 652(d), effective on July 1, 1982, allows either parent to petition the court for a modification of a child custody order. Defendant's petition to modify was filed on November 22, 1982, thereby bringing it within the new law. Previously, modification of child custody orders was available under 15 V.S.A. § 292 (repealed July 1, 1982; 1981 No. 247 (Adj. Sess.), § 18). The court below framed its conclusions with the old law.

The repealed act (15 V.S.A. § 292) by its terms merely empowered the court to "annul, vary or modify" a custody order; it contained no guidelines or standards for implementation. This Court, however, had interpreted § 292 as follows:

> It is the settled law of this court that to warrant the modification of a custody order the petitioner must show a *substantial change in the material circumstances since the date of the decree.* It is equally well settled that it is the welfare of the child which in the last analysis is determinative in a custody matter. Change of circumstances is not a ground for modification of a custody order. It is a prerequisite. Thus, the petitioner must first prove a "substantial change in the material circumstances" and next prove that under the new conditions a change of custody is in the best interests of the child.

*Gokey* v. *Gokey,* 127 Vt. 334, 335, 248 A.2d 738, 739 (1968) (emphasis added; citations omitted). *Gokey* was this Court's last interpretation of § 292 and has been repeatedly cited by this Court. *Valeo* v. *Valeo,* 132 Vt. 526, 527–28, 322 A.2d 306, 308–09 (1974) ; *Gerety* v. *Gerety,* 131 Vt. 396, 399, 306 A.2d 693, 694 (1973). Our requirement of a "substantial change in the material circumstances" served to establish a threshold showing of change before a court could look into the merits of the parties' claims and reconsider the best interest of the child.

The two-step prerequisite to modifying a custody order was alluded to in *Gerety, supra,* 131 Vt. at 399, 306 A.2d at 694: "Thus the petitioner must prove [1] a substantial change in the material circumstances and [2] that under the new conditions a change of custody is in the best interests of the child or children." Until the "prerequisite" substantial change was

satisfied, the court would not reopen the decree to evaluate again the child's best interest. This salutary rule helps foster the policy that custodial orders are not to be too easily changed, thereby causing the children to be shuttled between parents.

■■ Once these steps are complied with, this Court will uphold the ruling of the trial court unless "the discretion of the lower court was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable . . . ." *Nichols* v. *Nichols*, 134 Vt. 316, 318, 360 A.2d 85, 86 (1976) (citing *Lafko* v. *Lafko*, 127 Vt. 609, 619, 256 A.2d 166, 172 (1969)). The trial court's findings of fact, of course, are to be upheld unless clearly erroneous. V.R.C.P. 52(a).

As previously mentioned, on July 1, 1982, 15 V.S.A. § 652(d) superseded § 292. Section 652(d) provides:

> (d) On petition of either parent or any other person to whom custody has previously been granted, and upon a showing of a real, substantial, and unanticipated change of circumstances, the court may annul, vary, or modify an order made under this section if it is in the best interest of the child, whether or not such order of custody is based upon a stipulation or an agreement.

The language "a real, substantial, and unanticipated change of circumstances" seems consistent with this Court's previous requirement of a "substantial change in material circumstances." The language in § 652(d) is similar to our previous requirement in that it is not a "fixed standard." *Gerety, supra*, 131 Vt. at 402, 306 A.2d at 695. Both phrases are, at best, an attempt to guide the lower courts in exercising their discretion as to the proof necessary before the best interests of the child may be reevaluated. Therefore, when reviewing a change of custody under § 652(d) we will continue to look to our prior cases.

Applying these rules to the instant facts, we note that the trial court found a significant improvement in defendant's circumstances. There were also numerous findings on the deterioration in plaintiff's circumstances—primarily in the frequent and significant moves and in the often crowded living conditions. This is remarkably similar to the situation in

*Valeo, supra*, 132 Vt. at 529, 322 A.2d at 309–10. In *Valeo* the trial court found that the petitioner's living environment had improved, that he had remarried a woman with custody of two children from her former marriage and that his financial condition had improved. *Id*. The findings also demonstrated a deterioration in the custodial parent's home environment.

■ Based on our prior case law and on the facts of this case, we hold that the trial court's finding of a substantial change in material circumstances is within the court's discretion. Although it would have been preferable to frame the finding in the language of 15 V.S.A. § 652(d), the law was correctly applied to the facts. Henceforth, we urge the trial courts to refer specifically to § 652(d) in custody modification cases. The plaintiff challenged only the threshold or first prong requirement for custody modification and claims no error in the court's evaluation of the best interests of the children. Thus, we now address her second claim of error.

Plaintiff next argues that one of the court's findings was based on testimony taken at the modification hearing about events that took place before the divorce decree. She asserts that such evidence was improper for consideration at the modification hearing, since those facts were found by the court at the parties' divorce.

Although there may be a degree of logical appeal to this argument, plaintiff has failed to demonstrate that the modification court's finding is erroneous or significantly at odds with the divorce court's findings. Our comparison of the two sets of findings reveals a significant similarity. Plaintiff apparently suggests that any testimony taken at the modification hearing about events preceding the original decree constitutes per se reversible error. Without alleging any disparity between the two sets of findings, she simply asserts that she was "obviously prejudiced."

■■ Both *Gerety, supra*, 131 Vt. at 399, 306 A.2d at 694, and *Gokey, supra*, 127 Vt. at 335, 248 A.2d at 739, note that a court must look to a change of circumstances "since the date of the decree." Thus, a court considering modification of child custody should take the findings of the court that issued

338

the original order and compare or contrast them with whatever findings it has made about the parties' circumstances since the original order. It is permissible for the modification court to make explicit reference to the original court's findings if appropriate, but it should not ordinarily take evidence of or make independent findings concerning events that transpired prior to the divorce decree.

 There is some indication that one of the modification court's findings concerned events that occurred before the divorce decree and original custody award; technically, this finding was not about events "since the date of the decree." We decline, however, to apply a rule of per se reversal when the modification court's findings overlap somewhat with those of the original court. Absent a demonstration of prejudice as a result of this de minimis overlap, we find no error.

*Affirmed.*