### Rita M. Tetreault v. Wilfred H. Tetreault

[535 A.2d 779]

No. 85-313

Present: **Allen, C.J., Hill, Peck and Hayes,\* JJ.**

Opinion Filed August 21, 1987

Motion for Reargument Denied October 2, 1987

---

\* Justice Hayes was present for oral argument, but did not participate in the decision.

*Moore & Donnellan*, Derby, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Peck, J.** This case involves a 1979 divorce decree by the Orleans Superior Court and an award of alimony with payments scheduled to begin after emancipation of the parties' children. Defendant appeals from the denial of his two-pronged motion, filed in 1985, for relief from judgment and for modification of the alimony order, and from the denial of his subsequent motion to amend findings. We affirm.

On appeal, defendant begins by questioning whether the original alimony order was void or voidable as a prospective award. If the order was not void or voidable, he argues, then the lower court erred in denying his motion to modify because, he alleges, plaintiff's then-existing disability has abated. Defendant urges further that the court's finding of continuing disability was erroneous, claiming that the finding had no proper basis in the record. Finally, defendant maintains that the court erred in refusing to hold a second evidentiary hearing before ruling on his motion to modify.

At the time of their divorce in 1979, plaintiff was receiving disability payments from the Social Security Administration, and

defendant was earning about $9,000 a year in a food processing plant. Defendant was ordered to pay plaintiff $50 per week in child support until all of the parties' seven children were emancipated, at which time the $50 payments would continue in the form of alimony. This scheme reflected the court's conclusion that, in light of plaintiff's disability and a history of abuse by defendant, "the defendant should continue to make payments to the plaintiff in the form of alimony to the extent that he is able to afford to do so after his obligation to make support payments for the minor children ceases." No appeal of the court's order was filed by either party.

The youngest of the parties' children reached the age of eighteen in June of 1985. Defendant anticipated this event and the concommitant change in the nature of his payments by filing, in January of 1985, a motion for relief from judgment and, in the alternative, for modification of the alimony award. In his motion for relief, defendant claimed that the alimony award was beyond the jurisdiction of the trial court and void upon its face. His motion for modification alleged that the basis for the award, i.e., plaintiff's disability, no longer existed. In March of the same year, plaintiff filed her own motion for modification, asking that the scheduled alimony payments be increased.

Despite a determination that defendant's motion for relief was not timely, the court decided to consider its merits. After hearing all of the motions, the lower court made findings of fact and denied defendant's motion for relief, concluding that the original order was neither void nor voidable because the award was for "delayed alimony" rather than "prospective alimony." The court also denied both motions for modification, finding that plaintiff was still disabled and that the parties' financial circumstances had not changed significantly. Defendant then filed a motion to amend the court's findings and judgment to present additional testimony. This motion was also denied, and defendant brought the instant appeal.

■ We do not reach defendant's arguments regarding the denial of his motion for relief because we affirm the lower court's ruling on a more fundamental ground. This Court will affirm a judgment that is correct even if the lower court's stated grounds may be erroneous. *Circus Studios, Ltd.* v. *Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984) (citations omitted). Under the provisions of V.R.C.P. 60(b), a motion for relief from judgment must

be filed within a reasonable time. *Brown* v. *Tatro*, 136 Vt. 409, 411, 392 A.2d 380, 382 (1978). Here, defendant did not appeal the original order and waited five and one-half years to file the motion for relief. He offered no excuse for his lack of diligence, noting only that the scheduled alimony payments had not yet begun at the time of filing. The lower court concluded that the motion was not timely, but it reasoned that "there is no harm in getting to the merits of the issue. A decision now will not affect the plaintiff to any greater degree [than] if the motion had been timely filed." We disagree. In light of the considerable time that had elapsed since the order, plaintiff must have believed that the controversy had been put to rest. Cf. *Pacurar* v. *Hernly*, 611 F.2d 179, 181 (7th Cir. 1979) (motion for relief filed fifteen months after judgment did not prejudice opposing party where state court proceedings on same claim were pending throughout the period). She may well have changed her position in reliance on the continuing payments. *Id.* In addition to policies favoring finality of judgments and repose for the litigants, another consideration requires that the time limitations of Rule 60(b) be given effect: a motion for relief is not intended to function as a substitute for a timely appeal. See *Kansas City Southern Railway* v. *Great Lakes Carbon Corp.*, 624 F.2d 822, 825 n.4 (8th Cir. 1980). We hold that, at least upon the ground discussed here, the denial of defendant's motion for relief was not erroneous.

Nor do we find error with respect to the lower court's denial of defendant's motion to modify. The party moving for modification of a maintenance order must prove, as a jurisdictional prerequisite, a real, substantial, and unanticipated change of circumstances. *Bullard* v. *Bullard*, 144 Vt. 627, 629, 481 A.2d 1049, 1051 (1984); 15 V.S.A. § 658. Here, defendant based his motion on a claim that plaintiff "no longer suffers from a disability and no longer receives Social Security benefits for the same." At the hearing, the court heard testimony by plaintiff and by her caseworker from the Department of Social Welfare. The court found that plaintiff had not received disability payments since 1982 but had not been able to find employment. The court found further that she had been receiving welfare payments, that she had lost the sight of one eye from cancer, that she was in fact disabled and "beyond being able to obtain work." On the basis of these findings, the court concluded that defendant had failed to

demonstrate changed circumstances and denied his motion to modify.

Defendant maintains that the court erred in its determination that plaintiff's disability had not abated. He begins by noting the trial court's original finding of disability, made in 1979. "The plaintiff is now considered to be disabled, and she receives disability income . . . ." Defendant argues that the sole basis for this finding was plaintiff's status as a disabled person in the eyes of the Social Security Administration. Citing *Hayes* v. *Hayes*, 144 Vt. 332, 476 A.2d 135 (1984), he contends that the modification court was limited to application of the same standard of disability, i.e., the determination of the Social Security Commissioner. Because plaintiff's Social Security benefits were terminated in 1982, he argues, the court had no alternative but to find a change in circumstances. We disagree.

In *Hayes*, this Court stated that "a court considering modification . . . should take the findings of the court that issued the original order and compare or contrast them with whatever findings it has made about the parties' circumstances since the original order. It is permissible for the modification court to make explicit reference to the original court's findings if appropriate, but it should not ordinarily take evidence of or make independent findings concerning events that transpired prior to the divorce decree." *Id.* at 337-38, 476 A.2d at 139. This language is not the straitjacket defendant makes it out to be; *Hayes* is simply a reminder that the modification court is to focus upon *changes* in the parties' circumstances rather than upon the original circumstances themselves. Here, even assuming that the original court based its finding of disability solely upon plaintiff's Social Security status, the modification court was correct in accepting this finding for what it was: a factual finding of disability. The court was then duty-bound to make its own determination as to whether plaintiff was still disabled, as its jurisdiction depended on whether defendant could establish a real and substantial change of circumstances. The court found that plaintiff's disability payments had ceased, but, after reviewing all of the evidence, it proceeded to find that she was still disabled. Assessment of the persuasive effect of evidence is for the trial court. *Bruntaeger* v. *Zeller*, 147 Vt. 247, 252, 515 A.2d 123, 126 (1986). We hold that the court was correct in deciding that defendant, by relying upon changes in plaintiff's Social Security status, failed to shoulder his

burden of demonstrating a real and substantial change of circumstances.

■ Defendant questions the modification court's finding of disability, however, arguing that it was founded only upon plaintiff's appearance in the courtroom and that it had no proper foundation in the record. While it is true that the court referred to plaintiff's appearance, its finding of disability is otherwise well-supported by the evidence presented at the hearing. Plaintiff testified that she had lost one eye from cancer, that radiation therapy had resulted in severe memory problems and in significant hearing loss, and that she was now physically unable to perform jobs that she had previously held. The court's remark regarding its observations of plaintiff in the courtroom and her difficulty on the witness stand was merely an allusion to the apparent credibility of her testimony on this issue. Findings of fact will withstand challenges on review where, taking the evidence in the light most favorable to the prevailing party and excluding effects of modifying evidence, they are not clearly erroneous. *Brouha* v. *Postman*, 145 Vt. 449, 451, 491 A.2d 1038, 1039 (1985). Here, substantial evidence supported the finding of continuing disability, and it will not be disturbed on appeal.

Defendant also complains of the modification court's findings regarding the parties' financial situations, contending that they are irrelevant and beyond the court's jurisdiction. Assuming, without deciding, that this is true, we note that unessential findings do not provide grounds for reversal even where those findings are incorrect. *Greenberg* v. *Hadwen*, 145 Vt. 112, 115, 484 A.2d 916, 918 (1984).

Finally, defendant urges that he did not intend the hearing on the motions to be an evidentiary hearing on the merits of the modification question; instead, defendant argues, he wished only to establish the jurisdictional facts required for the court to consider his motion. We observe first that a party's intentions regarding the nature of a hearing are not controlling. The court scheduled and held a hearing on the motions, and defendant should have taken the opportunity to present whatever evidence he could muster in support of his position. Defendant argues that the court erred in using the March, 1985 hearing to take evidence regarding the parties' situations when the alimony payments were not scheduled to begin until June, 1985. He maintains that evidence of his ability to pay alimony in June and evidence of plain-

tiff's disabled status in June was not available in March. But the court was merely responding to motions to modify filed by both parties. If circumstances had not yet changed, then the motions were ill-advised; if, on the other hand, defendant could demonstrate a real and substantial change of circumstances in June or at some later date, then he would have another opportunity to seek modification of the alimony order. We find no error in the lower court's disposition of the motions.

*Affirmed.*