## William Kilduff v. Faye Kilduff Willey

[554 A.2d 677]

No. 85-092

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed November 23, 1988

*Chimileski & Associates, P.C.*, Newport, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Barney, C.J.** (Ret.), Specially Assigned. This is an appeal by defendant, Faye Kilduff Willey, from a modification of a child custody order. We remand for further hearings.

The parties were divorced in the state of New York in 1980. Custody of their adopted infant son, Liam, was awarded to them jointly, as they wished, with physical custody in the defendant-mother and liberal visitation rights in the plaintiff-father. In 1981, by stipulation, the parties agreed to a modified order, continuing joint custody but setting up a different visitation schedule based on defendant's residence in northern Vermont. Physical custody remained with defendant. Both parties have remarried.

Difficulties arose involving the handling of visitation rights, and in 1984 plaintiff brought suit in Vermont to enforce the New York order. Defendant answered and filed for modification seek-

ing full custody of Liam. Plaintiff responded with a similar request for modification to give full custody to him. The trial court appointed an attorney for Liam below, but the child is not represented separately here on appeal. After several lengthy hearings, the trial court issued findings and an order transferring custody to plaintiff, the child's father, with visitation rights in the mother. Defendant challenges the findings and the order.

At the time of these proceedings, the statute governing modification of custody decrees provided:

> (d) On petition of either parent or any other person to whom custody has previously been granted, and upon a showing of a real, substantial, and unanticipated change of circumstances, the court may annul, vary, or modify an order made under this section if it is in the best interest of the child, whether or not such order of custody is based upon a stipulation or an agreement.

15 V.S.A. § 652(d).[1] Consistent with the statutory language and prior case law, the trial court must first determine whether there has been a real, substantial and unanticipated change of circumstances; only if such a change is found may the court move on to the question of the best interest of the child. *Wells* v. *Wells*, 150 Vt. 1, 4, 549 A.2d 1039, 1041 (1988); *Hayes* v. *Hayes,* 144 Vt. 332, 335-36, 476 A.2d 135, 137-38 (1984); *Gerety v. Gerety*, 131 Vt. 396, 399, 306 A.2d 693, 694 (1973). It is a critical threshold finding, without which the court is precluded from considering the "merits of the parties' claims" regarding the best interest of their child. *Hayes*, 144 Vt. at 335, 476 A.2d at 138. A two-stage inquiry therefore must precede any court-ordered modification.

While there are "no fixed standards to determine what constitutes a substantial change in material circumstances," *Gerety*, 131 Vt. at 402, 306 A.2d at 695, the burden on the moving party to prove changed circumstances is heavy. The statute and our cases regarding change in custody reflect the policy that giving stability to a child's life, to the extent possible under the circumstances, is so important that custody ought not to be modified without critical justification. See *Wells*, 150 Vt. at 5 n.*, 549 A.2d at 1042 n.* (citing to legal and child development literature on the vital importance of continuity in child's life). Otherwise, if

---

[1] That statute, with slight revision, is now codified at 15 V.S.A. § 668.

moved on the basis of only momentary changes of advantage or benefit, children might be rendered totally insecure by frequent switches in home and custody. See *Hayes*, 144 Vt. at 336, 476 A.2d at 138. It is hard enough to give children of a broken home some semblance of an ordered life, while at the same time maintaining adequate contact with both parents, without subjecting them to the further disruption of moving to a new home and a different parent.

Among the trial court's numerous findings in this case, only one directly addresses the threshold requirement. Finding No. 16 reads as follows:

> The differing approaches to parental interest and responsibility discussed above have brought about real, substantial and unanticipated conflict between the parties, resulting in unnecessary emotional tension for Liam, accusations and recriminations among the parties and a total breakdown in shared responsibility in making decisions in Liam's best interest.[2]

The other findings of the court involve background matters, the relationships of Liam to his parents and their spouses, the differing temperaments and lifestyles of Liam's parents and their spouses, and, in particular, the relationship between Liam's parents. The court concluded that Liam's surroundings and opportunities might be improved if his father had custody. While these findings might justify an award of custody to the father as an original matter, they are not sufficient to satisfy the threshold requirement — a real, substantial and unanticipated change of circumstances — for *modifying* the physical custody of the child. Notably, the court found that the mother "evidences good health, mentally and physically," and that she "can provide an adequate building in which Liam can live and grow in relative safety." There are no findings comparable to those in *Hayes*, 144 Vt. at 336, 476 A.2d at 138, where the trial court made "numerous findings on the deterioration in [the custodial parent's] circumstances."

---

[2] The trial court also reached one "conclusion of law" on the jurisdictional requirement, which refers back to Finding No. 16.

To the contrary, this case more closely resembles *Gokey* v. *Gokey*, 127 Vt. 334, 248 A.2d 738 (1968). In *Gokey*, this Court wrote:

> The petitioner alleges he is presently the most suitable person to have the care and custody of the minor child but this is not the test here. There is neither an allegation nor finding that the child since the order was made has not been properly brought up by her mother. The findings do not mention any mistreatment of [the child] by her mother or stepfather, or their lack of affection for her. Nor is there any finding of neglect of the child, or of improper care and supervision by the petitionee.

> While the findings show that there have been some changes in the circumstances "as far as the parties involved are concerned" they do not reflect "a substantial change in the material circumstances." We find no support in the evidence or in the facts found to warrant an affirmative finding on the question of whether a substantial change in material circumstances has occurred.

*Id.* at 336, 248 A.2d at 740.

■ What the findings do appear to demonstrate, however, is that substantial changes have occurred *with respect to the joint custody arrangement.* That arrangement, which requires cooperative efforts of both parents in deciding the major questions for Liam's life, appears to have broken down. If this is so, it is proper for the court to proceed to the question on the merits of what decision-making arrangement is in the best interest of this child. On this question the stakes are not so high: a modification of the decision-making arrangement does not entail the violent dislocation realized by a change in physical custody. The critical value of continuity is less threatened. Accordingly, the burden may be easier for the moving party to carry. While a substantial and unanticipated change must still be shown, the breakdown in communication between the parents may suffice to reach the threshold. On remand, the court must make specific findings on this issue, asking first whether the threshold requirement for modification of the decision-making arrangement has been established, and, if so, what arrangement will best serve Liam's interest.

In contrast, the findings required to demonstrate a change of circumstances sufficient to modify the *physical* custody of the child are much less apparent in this case. Finding No. 16 refers only in passing, and in conclusory tone, to the emotional tension Liam suffers as a result of his parents' conflict. On that basis alone, the trial court was in error to reach the second stage of inquiry on the best interest of the child.

Though not referred to in the findings, it was part of the pleadings and the evidence presented that defendant, assertedly in the best interest of the child, had denied visitation rights belonging to the plaintiff under the order. While unjustifiable denial of visitation may warrant a. finding that there has been a substantial change of circumstances, see *Wells* v. *Wells*, 150 Vt. at 4, 549 A.2d at 1042, defendant's alleged interference with plaintiff's visitation rights in this case was not part of the lower court's findings on the threshold issue of change of circumstances. We are provided, therefore, with an inadequate basis for review. See *id.* at 5, 549 A.2d at 1041.

Consequently, we remand to the superior court for further findings on whether the alleged interference with visitation constituted a substantial and unanticipated change sufficient to warrant proceeding to the best interests test. We note once again that the threshold is high and the burden heavy.

The peculiar and tragic nature of child custody proceedings require us to make a further observation and order. We recognize, with dismay, how much time has elapsed since the original order. If complied with, the terms of that order itself would satisfy the threshold requirement of a substantial change of circumstances.[3] On remand, therefore, the court must also consider whether events pursuant and subsequent to its initial order do in fact constitute the requisite substantial change. If either inquiry establishes the necessary findings under 15 V.S.A. § 668 and our caselaw, then and only then may the court consider the best interest of the child on the issue of physical custody. The latter inquiry, of course, must evaluate Liam's best interest at the time of the new hearing and need not refer to conditions at the time of the earlier order.

---

[3] Had the order been stayed, of course, this would not be the case. While the stay of a court-ordered modification of custody during the pendency of an appeal is not automatic, V.R.C.P. 62(a), trial courts should nonetheless carefully consider whether to stay their modification orders.

As discussed above, the court must further consider the parties' decision-making arrangement. We emphasize that the threshold findings with respect to the issues of physical custody and the decision-making arrangement are distinct. The record must independently support each threshold finding; crossing the threshold to the best interest test on one issue does not ipso facto warrant proceeding to the best interest test on the other.

*Judgment vacated and remanded for proceedings consistent with this opinion.*