### Kenneth A. Pill v. Barbara J. Pill

[578 A.2d 642]

No. 89-361

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 15, 1990

 

*Stephen L. Klein*, Rutland, for Plaintiff-Appellee.

*Thaddeus Lorentz* and *Ron Williams* of *Lorentz & Lorentz, P.C.*, Rutland, for Defendant-Appellant.

**Gibson, J.** Defendant, Barbara Pill, appeals from a modification of a divorce decree that transferred primary physical responsibility for the parties' minor children to plaintiff, Kenneth Pill, and reduced plaintiff's child support obligation. We reverse and remand for further proceedings.

## I.

Kenneth and Barbara were divorced on April 28, 1987 and awarded joint custody of their two minor sons, Justin and Jared. Pursuant to the divorce decree, which encompassed the parties' stipulation, Barbara retained primary physical responsibility for the children, and Kenneth received "reasonable and liberal" visitation rights. The order provided that since both parties are capable of caring for the children, they may change the primary residence and physical custody of the children without the court's permission "if it appears to the parties in the future that it is in the best interest of the children," and the children so desire. Additionally, the order stated that whichever parent gains custody of the children in the future, the noncustodial parent "shall have the right to extensive and liberal visitation." Finally, the order required Kenneth to pay $110 per week to Barbara for the children's support and maintenance.

Almost two years after the divorce, Kenneth filed a motion to modify the custody order, claiming that (1) Barbara was not properly supervising the children; (2) she was failing to take the children to the doctor; (3) she was six months' pregnant and living with a boyfriend ten years younger than her; (4) she was giving child-care responsibilities to her boyfriend, who was

"partying" at the house past the children's bedtime; and (5) Justin was having specific behavior problems. One month later, Barbara filed a motion for modification of the order with respect to the decision-making arrangement, alleging that Kenneth had failed to cooperate with the exchanges of the children during visitations and had refused to share in decisions concerning the children's upbringing.

A hearing was held on June 13, 1989, at the close of which the court issued an oral notice of decision. A written order was filed on July 19, 1989. Relying on the language of the original custody order and the best interest of the children pursuant to the guidelines set forth in 15 V.S.A. § 665, the court awarded Kenneth primary physical responsibility for the children and granted Barbara visitation rights. In addition to transferring physical custody to Kenneth, the court reduced his child support obligation from $110 per week to $35 per week.

Barbara appeals the modification order, arguing that the trial court erred by (1) misinterpreting the original custody order, (2) failing to find a real, substantial and unanticipated change of circumstances pursuant to 15 V.S.A. § 668, and (3) modifying the child support award. In response, Kenneth argues that (1) the court's interpretation of the original court order was correct; (2) the court, in essence, found a real, substantial and unanticipated change in circumstances; and (3) such a change is apparent from the record and acknowledged by Barbara. Pending resolution of the appeal, this Court stayed the order of the trial court.

## II.

Barbara first asserts that the court erred in interpreting the custody order. We agree. In relevant part, the order provided as follows:

1. (a) ... The children shall continue to make their primary residence with Barbara, except as hereinafter provided.

(b) The parties acknowledge that the children have wishes and desires of their own, and that as the children mature their changing interests and preferences should be given weight and consideration. The parties also confirm

> that each of the parties, respectively, is a fit parent, and is capable of providing the children with requisite primary care and supervision. Therefore, the best interest of the children being the parties' primary concern, if it appears to *the parties* in the future that it is in the best interest of the children that there be a change of their primary residence and physical responsibility, and it is the desire of the children or either of them to do so, it shall be permitted.
>
> . . . .
>
> (h) In the event that in the future *the parties* determine and agree that one or the other of the parties should have sole custody, or that the children or either of them should primarily reside with one or the other parent, or in the event one or the other parent seeks and gains sole custody, then the noncustodial parent shall have the right to extensive and liberal visitation with the children.

(Emphasis added.) The court apparently determined that since the order gave the parties the right to modify the custody arrangement without court approval, and since the parties could not come to any agreement, it could decide which party should be awarded physical custody, regardless of whether there was a real, substantial and unanticipated change in circumstances.

■ We conclude that the words "the parties" in the order clearly indicate that court approval of a change in the custody arrangement is unnecessary only if *both* parties agree that the change would be in the children's best interest. Here, however, the parties could not agree. Consequently, in order to modify the prior order, the court had to follow the dictates of 15 V.S.A. § 668, which provides,

> On motion of either parent or any other person to whom custody or parental rights and responsibilities have previously been granted, and upon a showing of real, substantial and unanticipated change of circumstances, the court may annul, vary or modify an order made under this subchapter if it is in the best interests of the child, whether or not the order is based upon a stipulation or agreement.

Thus, the court may consider the best interests of the children only after it has made the "critical threshold finding" that there has been a real, substantial and unanticipated change of circumstances. *Kilduff v. Willey*, 150 Vt. 552, 553, 554 A.2d 677, 678 (1988). Despite the court's statement that it was "not really changing custody," the modification order does transfer physical custody from one parent to the other without the mutual agreement of the parties and without the threshold finding of a substantial change of circumstances. This, we cannot allow.

Kenneth contends that the court, in essence, found a real, substantial and unanticipated change in circumstances. In support of his argument, he focuses on the court's findings regarding Barbara's boyfriend and the parties' inability to agree as to the children's best interest. Based on the testimony of the boyfriend and a neighbor, the court found that the boyfriend's behavior was not in the children's best interest. The boyfriend testified that during an argument with Barbara, he turned over a table with an ashtray on it and then threw the ashtray into the sink. In addition, a neighbor testified that one evening, before Barbara came home from work, Kenneth dropped the children off at the neighbor's home because Barbara's boyfriend was having a party and "there might be something bad going on." The neighbor said that when she took them home she found the boyfriend and two other people watching television; nevertheless, Justin, the youngest child, "looked scared."

■■ The court's findings are not the equivalent of a finding that there was a real, substantial and unanticipated change of circumstances pursuant to § 668. A change in physical custody is not permitted without the court having first made this critical justification. *Kilduff*, 150 Vt. at 553, 554 A.2d at 678. The moving party has a heavy burden to prove changed circumstances, and the court must consider the evidence carefully before making the threshold finding that a real, substantial and unanticipated change of circumstances exists. *Id.* Because of its misinterpretation of the original order, the court erred in ordering a change of custody based solely on the children's best interest.

■ Kenneth also contends that it was not necessary for the court to find a real, substantial and unanticipated change of circumstances because Barbara conceded such a change. We disagree. In Barbara's motion for modification, she stated that Kenneth's "behavior and attitude with respect to decision-making arrangements encompassed within the order is a real, substantial and unanticipated change in circumstances." Thus, although Barbara conceded that a change in circumstances existed with respect to the decision-making arrangement, she did not concede that the change in circumstances warranted a change in physical custody of the children. As we stated in *Kilduff*, "the threshold findings with respect to the issues of physical custody and the decision-making arrangement are distinct," 150 Vt. at 557, 554 A.2d at 680; the party seeking to modify the decision-making arrangement does not have as heavy a burden to show substantial change because such a modification "does not entail the violent dislocation realized by a change in physical custody." *Id.* at 555, 554 A.2d at 679–80.

Finally, Kenneth contends that it was not necessary for the court to find a real, substantial and unanticipated change of circumstances because the evidence presented at the hearing indicates that such a change existed. We cannot agree. Prior to modifying a custody order, the court must make findings sufficient to satisfy the threshold requirement of a real, substantial and unanticipated change of circumstances. *Id.* at 554, 554 A.2d at 679. Absent an initial determination by the trial court, we decline to make such findings on appeal nearly a year after the modification hearing; in any event, it is questionable whether this record would support a finding of a real, substantial, and unanticipated change of circumstances. Instead, we vacate the modification order and remand the case to the superior court to determine whether there has been a real, substantial and unanticipated change in circumstances and, if so, whether a change in physical custody would be in the children's best interest.

*The judgment is reversed and the case is remanded for further hearing.*