## Glenn Dunning v. Barbara (Dunning) Meaney

[640 A.2d 3]

No. 92-441

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed November 5, 1993

Motion for Reargument Denied January 26, 1994

*Brian J. Grearson* of *Grearson & Rose, P.C.*, Barre, for Plaintiff-Appellant.

*Richard I. Burstein* and *Pamela Stafford*, Randolph, for Defendant-Appellee/Cross-Appellant.

**Gibson, J.** Plaintiff Glenn Dunning appeals the denial of his motion to modify the divorce decree and award him sole physical rights and responsibilities for the parties' minor child, Travis. Defendant Barbara (Dunning) Meaney cross-appeals, claiming the court erred by failing to terminate Glenn's shared legal rights and responsibilities for Travis and by denying attorney's fees. We reverse the denial of attorney's fees, but otherwise affirm the court's decision.

The parties were divorced on July 26, 1989. Pursuant to stipulation, the court awarded Barbara physical rights and responsibilities for Travis, with legal rights and responsibilities relating to health, education, and general welfare to be shared by the parties. The decree provided a liberal visitation schedule for Glenn and included a procedure for working out a change in the schedule if circumstances warranted.

In 1990, Barbara finished the two-year program at Vermont Technical College and obtained full-time employment. During this period, Travis spent approximately half of his time with Glenn, which was more time than the stipulated schedule provided. This arrangement continued until Barbara was injured at work and became unemployed.

Desiring to complete her bachelor's degree in the horticultural field, Barbara decided to attend the State University of New York in Albany and planned to move there in the summer of 1992. Glenn objected to this move, and the parties attempted to resolve the disagreement through the process of mediation, as provided in the divorce decree. Mediation failed, however, and Glenn moved to modify the decree, seeking sole physical and legal responsibility for Travis.

The court granted Barbara's motion to bifurcate the trial, ruling that it would consider the best interests of the child only if there were a threshold showing of a real, substantial and unanticipated change of circumstances. See *Pill v. Pill*, 154 Vt. 455, 459, 578 A.2d 642, 644 (1990) (court may consider best interests of children only after it has made threshold finding that there has been real, substantial and unanticipated change of circumstances). The court did not reach the "best interests" is-

sue because it concluded there was no change of circumstances sufficient to satisfy the threshold; it therefore refused to modify the physical or legal rights and responsibilities for Travis.

On appeal, Glenn claims that (1) he was entitled to a hearing on his motion to amend the findings of fact; (2) the court erred in considering evidence that predated the divorce order; (3) the court's findings do not support its conclusions; and (4) the court should have examined the best interests of the child because the parties waived the threshold showing, or, alternatively, because the threshold showing was satisfied. In her cross-appeal, Barbara argues that the court erred by failing to award attorney's fees, failing to modify the legal rights and responsibilities of the parties, and concluding that a future move may be a sufficient change of circumstances to warrant modification.

I.

■ Glenn first argues that the trial court erred in denying a hearing on his motion to amend the findings of fact and conclusions of law. A hearing on a motion to amend findings of fact and conclusions of law is not required. V.R.C.P. 78(b)(2) (providing for disposition of motions without hearing). The court denied the motion, stating that Glenn's arguments were essentially restatements of arguments that had already been fully considered. We find no abuse of discretion in this ruling.

■ Second, Glenn asserts that the trial court erred by relying on evidence that predated the divorce decree. In a modification proceeding, a trial court's findings concerning events that occurred prior to the divorce decree will not be reversible error unless there is a demonstration of prejudice. *Hayes v. Hayes,* 144 Vt. 332, 338, 476 A.2d 135, 139 (1984). In its findings, the court referred to the parties' predivorce discussions of a possible 100-mile restriction on Barbara's relocation. The court did not rely on these discussions for its conclusion that Glenn had failed to make a threshold showing of a change in circumstances. Rather, this evidence merely aided the court in concluding that there had been uncertainty about Barbara's future plans at the time of the divorce. There has been no demonstration of prejudice to Glenn.

■ Third, Glenn contends that the court's findings fail to support its conclusions. As long as the findings reasonably sup-

port the judgment, we will uphold the court's decision. *Bassler v. Bassler*, 156 Vt. 353, 363, 593 A.2d 82, 88 (1991); see also *Myott v. Myott*, 149 Vt. 573, 578, 547 A.2d 1336, 1339 (1988) ("We cannot set aside the custody award because we would have reached a different conclusion from the facts."). Glenn claims that since the court found his contact with Travis had increased to fifty percent, it could not conclude that Barbara had retained sole physical rights and responsibilities, and that a change of such magnitude requires a modification of physical rights and responsibilities. The court found, however, that the divorce order had provided Glenn with liberal visitation rights and that the parties had always cooperated and been flexible with respect to parent-child contact. It concluded, therefore, that the increased contact with Travis was not a substantial change and was not unanticipated. Further, the court concluded that to find a change in circumstances on the basis of increased contact would penalize Barbara for her willingness to allow the contact. The court's findings support its conclusions.

■   Glenn further contends that the divorce order contemplated the possibility of a permanent move by Barbara to pursue a career, whereas her move to pursue an education in Albany would be temporary and was thus not anticipated by the parties. The court did not find this distinction significant. It found that the parties clearly anticipated that Barbara might move and that they had provided for a possible change in the visitation schedule if such a move occurred. Although the parties may wish to alter the visitation schedule in light of Barbara's move to Albany, we agree that the move itself does not amount to a real, substantial or unanticipated change in circumstances justifying modification of the physical rights and responsibilities.

Glenn also argues that the court's findings could equally well support an award in his favor and that the court erred in not pointing out what evidence "tipped the scale in favor of" Barbara. *Gustin v. Gustin*, 148 Vt. 563, 565, 536 A.2d 933, 935 (1987). Since the threshold showing of a real, substantial and unanticipated change in circumstances was not met, we do not reach this argument.

■   Finally, Glenn claims the court should have examined the best interests of the child because the parties waived the

threshold requirement in paragraph 3 of the divorce decree. That paragraph states:

> Both parties recognize that at such time as the Defendant completes her college education and obtains full time employment, such circumstances may indicate the need for a change in the visitation schedule as set forth in the preceding paragraph. The parties will attempt to come to an agreement that takes into consideration their residences and work schedules and which is at the same time consistent with the child's best interests in maintaining contact and a meaningful relationship with both the parties, as circumstances may allow. If the parties are unable to reach an agreement between themselves, they will attempt mediation process before either party seeks relief from the Court for a change in the visitation schedule as set forth above.

This paragraph refers only to a possible change in "the visitation schedule," and not the physical rights and responsibilities. Therefore, the waiver argument lacks merit.

## II.

■ In her cross-appeal, Barbara first contends that the court erred in denying attorney's fees. The trial court has discretion to award attorney's fees, but to make a decision "[w]ithout knowing the financial obligations and resources of the parties . . . would be an abuse of discretion." *Cleverly v. Cleverly*, 151 Vt. 351, 358, 561 A.2d 99, 103 (1989). "The primary consideration in awarding attorney's fees is the ability of the supporting party to pay and the financial needs of the party receiving the award." *Nevitt v. Nevitt*, 155 Vt. 391, 399, 584 A.2d 1134, 1139 (1990). Here, the court summarily denied Barbara's motion for attorney's fees without considering the parties' financial resources or expenses.

The trial court's findings indicate that Glenn had been steadily employed for several years at the time of the modification hearing. Barbara, however, had been unemployed for several months, and she was planning to return to school full-time in another state. Beyond this general information, the findings fail to analyze the ability of either party to pay attorney's fees. Accordingly, we reverse and remand for a further hearing on this issue.

Barbara also argues that the court erred by not terminating the shared legal rights and responsibilities of Glenn. In the trial court, Barbara argued that the modification of legal rights and responsibilities was not an issue, and the court agreed with her that the parties' disagreement over physical custody of Travis while Barbara completed her schooling did not amount to a real, substantial and unanticipated change of circumstances. Inasmuch as the issue was not raised by Barbara in the trial court, we shall not address it here.

Barbara also argues that the court abused its discretion by discussing her possible relocation after she completes school. The court's observation on this point merely mirrored the parties' own agreement that at some point there might need to be a change in the visitation schedule. The observation was dicta and, as such, was harmless.

*Reversed and remanded for further hearing on defendant's request for attorney's fees; affirmed as to all other issues.*