### In re Petition of Certain Neglected Children

[349 A.2d 228]

No. 157-75

Present: Barney, C.J., Smith, Daley, Larrow, and Billings, JJ.

Opinion Filed December 2, 1975

*Michael J. Sheehan,* Windsor County State's Attorney, and *William J. Donahue,* Windsor County Deputy State's Attorney, White River Junction, for State.

*Niles, Johnson & Gibbs,* Woodstock, for the mother.

*John J. Long, Jr.,* White River Junction, for the juveniles.

**Billings, J.** The mother of certain neglected children has appealed a May 1, 1975, order of disposition of the District Court of Vermont, Unit No. 6, Windsor Circuit, that transferred her residual parental rights and responsibilities with regard to her three daughters to the Vermont Department of Social and Rehabilitation Services with the right to place them for adoption. Three years earlier in April, 1972, by proceedings under 33 V.S.A. § 645, the custody and guardianship of her children had been transferred to the Commissioner of Social Welfare, but the residual parental rights had re-

mained with the mother. In November of 1974, the mother initiated the present proceedings by petitioning the District Court to return the custody and guardianship of her children to her. In January, 1975, the Department of Social and Rehabilitation Services filed a petition to modify the 1972 disposition order which resulted in the order appealed from here.

The mother contends that the order removing her residual parental rights must be reversed because the evidence was not sufficient to justify the court's conclusion that there were relevant changes of circumstances to mandate the transfer of parental rights. She also questions the propriety of the court's reliance on a psychological thesis developed in a recent book which was used to influence its disposition. And lastly, she claims that the petition to modify filed by the Department failed to set forth the grounds for the modification requested, as required by 33 V.S.A. § 659(b).

33 V.S.A. § 659(a) allows for an order of the juvenile court to be amended or modified "at any time upon petition therefor by a party . . . on the ground that changed circumstances so require in the best interests of the child." The interpretative language of *Gokey* v. *Gokey*, 127 Vt. 334, 248 A.2d 738 (1968) relating to change of circumstances in a custody matter is equally applicable to a juvenile disposition proceeding:

> Change of circumstances is not a ground for modification. . . . It is a prerequisite. Thus, the petitioner must first prove a "substantial change in the material circumstances" and next prove that under the new conditions a change . . . is in the best interests of the child.

*Id.* at 335.

We believe that there was sufficient evidence to support the court's conclusion that relevant change of circumstances existed. The factual situation here is similar to that which was found to constitute a change of circumstances justifying a modification of a disposition order in *In re Proceedings Concerning a Neglected Child*, 130 Vt. 525, 296 A.2d 250 (1972). The lower court in this case relied primarily on the fact that three years had passed from the guardianship and custody order until the disposition hearing on removal of re-

sidual parental rights, during which time, in spite of all the services provided the mother, she had not been able to effect changes in her living habits and style. There was a specific finding that the mother was deficient in the necessary abilities to cope with parental duties and could not provide the stimulation, understanding, and judgment necessary to care for her children. This finding is almost identical to a finding by the juvenile court in the 1972 proceedings wherein custody and guardianship of the children were transferred to the State.

Though the mother argues from these facts that there has been no change of circumstances shown by the fact that she has not become a better parent, we think the better view is, and so hold, that the passage of three years' time here, coupled with no improvement in parental capacity to care properly for her children, constitutes a change of circumstances sufficient to support the transfer of residual parental rights to the State. In doing so, we are aware that the right of a juvenile court to separate forever a parent from her children is an awesome power. *In re J.M.,* 131 Vt. 604, 313 A.2d 30 (1973). Accordingly, using stagnation in parental capacity to care for children as a ground for change of circumstances necessary to support a transfer of residual parental rights must be used with extreme care by a juvenile court, always having in mind that the interests of the children remain the paramount concern. *In re Rathburn,* 128 Vt. 429, 434, 266 A.2d 423 (1970).

The mother questions the use, in the court's conclusions of law, of excerpts from a child psychology treatise which was never introduced into evidence. While we have reservations about this type of practice, in this case there were sufficiently detailed findings to support the conclusion that transferred the residual parental rights of these children to the State, and the conclusions of law, absent the quoting from the treatise, support the order.

The last error asserted in the proceedings below was that in its petition for modification the State did not set forth in concise language the grounds upon which relief was requested, as required by 33 V.S.A. § 659(b). There was an

indication in the petition that the State was "now desirous of placing said children for adoption." There is no error in failing to indicate in the petition itself that modification will be in the best interests of the children or by failing to show changes of circumstances. These are, to be sure, legal prerequisites under § 659(a) for modification, but they need not be detailed in the petition itself.

*Judgment affirmed.*