# Dale H. Birnbaum v. Michael Birnbaum

[370 A.2d 204]

No. 90-76

Present: Barney, C.J., Daley, Larrow, and Billings, JJ., and Shangraw, C.J., (Ret.), Specially Assigned

Opinion Filed December 21, 1976

*Charles Rothenberg*, New York, New York, *Alan G. Thompson*, Brattleboro, for Plaintiff.

*Richard I. Rubin*, Plainfield, for Defendant.

**Per Curiam.** In a previous divorce action, the husband was awarded custody of the minor daughter of the parties, then nearly three years old. About a year after the original divorce, a petition to modify that decree was heard. The purpose of the petition was to transfer custody of the little girl to the wife, her mother. After hearing, findings of fact were prepared and an order issued denying the petition. This is the appeal.

The original findings and order reported that the wife, at the time of the divorce, and for some time previous, had taken up with another man and was living with him. In its order, the trial court stated that it did not believe it to be in the best interests of the child for her to be living with her mother while she, in turn, was living with a man out of wedlock. The new petition advanced as a change of circumstance the marriage of the wife and the man with whom she had been living. The presiding judge and one of the assistant judges were the same in both the original hearing and the petition for modification.

The lower court found the facts established sufficient change of circumstance to support review, a finding that is unchallenged, and went on to examine the evidence to see if a change of custody was in the best interests of the child. After a careful review of the facts which need not be recited here, it concluded that a change in custody had not been demonstrated to be in the best interests of the child involved. The court based its conclusion on evidence of discord and alienation being practiced by the wife and her new husband against the former husband and father through the child. Nor was it satisfied that the marriage ceremony between the wife and her new husband sufficiently improved the situation to support a change in custody. In short, the trial court, in its evaluation of the evidence, found no justification to exercise its discretion to change the custody. This court can find no basis in law to upset that determination, since it is not based on the exercise of discretion for reasons or on grounds clearly untenable or measurably unreasonable. *Lafko* v. *Lafko*, 127 Vt. 609, 619, 256 A.2d 166 (1969); *Gerety* v. *Gerety*, 131 Vt. 396, 402, 306 A.2d 693 (1973).

*Order affirmed.*