## In re J.A.S. (Juvenile)

[373 A.2d 558]

No. 186-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 5, 1977

*Rexford, Kilmartin & Chimileski*, Newport, for the juvenile, *John A. Howard*, Orleans County State's Attorney, Newport, for State of Vermont.

*James L. Morse*, Defender General, and *Robert M. Paolini*, Deputy Defender General, Montpelier, for the mother.

**Per Curiam.** This case comes to us as an appeal from a juvenile court order transferring residual parental rights of the infant J.A.S. to the Commissioner of Social and Rehabilitation Services. Custody of the child had been placed in the Commissioner of Social Welfare by a juvenile court order dated May 14, 1971. In the action culminating in this appeal, the Department of Social Welfare moved in July, 1973, to modify the juvenile court order by transferring residual parental rights to the Commissioner.

Such modification must occur pursuant to 33 V.S.A. § 659(a), which reads in part: "An order of the court may ... be ... modified ... on the ground that changed circumstances so require in the best interests of the child." If parental rights are to be terminated, the parental condition either must have deteriorated or must be stagnant with a prospective inability for improvement. *In re J. & J. W.*, 134 Vt. 480, 365 A.2d 521 (1976); *In re Petition of Certain Neglected Children*, 134 Vt. 74, 349 A.2d 228 (1975). In the case at hand, the findings show that the parental condition has improved. Therefore, severance of parental rights was in error. We call attention to the fact that this proceeding took place before the effective date of 33 V.S.A. § 667, which now is applicable to such actions.

*The order terminating parental rights is reversed; custody remains in the Commissioner of Social Welfare pursuant to the juvenile court order dated May 14, 1971.*