376 A.2d 38 (1977)
In re R. F. (juvenile).
No. 299-76.
Supreme Court of Vermont.
June 7, 1977.
*39 John J. Long, Jr., Stebbins & Bradley, Hanover, N. H., for plaintiff.
Michael J. Sheehan, Windsor County State's Atty., and William J. Donahue, Deputy State's Atty., White River Junction, for State.
James L. Morse, Defender Gen., and Robert M. Paolini, Deputy Defender Gen., Montpelier, for juvenile.
Julia T. Waggener, Frank G. Mahady, White River Junction, for mother.
Before BARNEY, C. J., and DALEY, LARROW, BILLINGS and HILL, JJ.
*40 DALEY, Justice.
R.F. is a minor child who, after having been found to be a child without proper parental care, was placed in the legal custody of the Commissioner of Social and Rehabilitation Services pursuant to the provisions of Chapter 12 of Title 33, Vermont Statutes Annotated. R.F.'s biological father, the appellant here, was present and represented by legal counsel at the disposition hearing. He did not appeal from the disposition order of the district court sitting as a juvenile court. However, less than five months after the order was filed, he brought a petition to modify the disposition order, alleging changed circumstances which would warrant the transferral of the child's custody and guardianship to him. From the juvenile court's order, accompanied by written findings of fact denying this petition, the father appeals.
A disposition order may be modified upon a showing that changed circumstances so require in the best interest of the child. 33 V.S.A. § 659(a). The father's petition for modification alleged that the following change of circumstances had occurred: that the Commissioner of Social and Rehabilitation Services had terminated the child's placement with his mother (the father's former wife) and had placed R.F. in a foster home, and that the father and R.F. had been "spending a good deal of time with each other" since the disposition order was filed. Furthermore, it was revealed during the course of the hearing upon this petition that the father had been employed for a period of six weeks, that the father and his present wife had undergone counseling, and that these two adults had, two days prior to the hearing, resumed living together in a mobile home. They had earlier been separated for a period of one and one-half years. The juvenile court, based on its finding that the only material changes were the father's present employment and the resumption of marital relations with his second wife, determined that these changes were not of sufficient material substance to support the father's petition.
A juvenile court, in passing upon a petition for modification, is called upon to exercise sound judicial discretion. Cf. Birnbaum v. Birnbaum, 135 Vt. ___, 370 A.2d 204, 205 (1976). Its decision is not to be set aside unless there has been a showing that "the discretion of the court was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." Gerety v. Gerety, 131 Vt. 396, 402, 306 A.2d 693, 696 (1973). The standard which governs the review of petitions for modification has previously been articulated by this Court:
Change of circumstances is not ground for modification. . . . It is a prerequisite. Thus, the petitioner must first prove a "substantial change in the material circumstances" and next prove that under the new conditions a change . . is in the best interests of the child. [In re Petition of Certain Neglected Children, 134 Vt. 74, 76, 349 A.2d 228, 229 (1975)].
We hold that, notwithstanding certain minor factual errors in the court's findings of fact, the court's determination that the father had failed to establish the requisite substantial change in material circumstances is not clearly untenable or unreasonable and must stand. Indeed, a detailed inquiry into the facts presented by this case fully supports the juvenile court's order.
The court found that, from the time of the disposition order to the time of the petition for modification, the father had visited R.F. only four or six times. While the record shows that he was actually visiting the child four to six times a week, this fact does not necessarily establish a substantial change in material circumstances. The father contends that the requisite change in material circumstances occurred when the Commissioner of Social and Rehabilitation Services changed the placement of R.F. from the child's mother to a foster home. This alteration, while it is of practical import, has minimal legal significance for purposes of this appeal. The change in a child's placement, unlike a change in legal custody, is not sufficient, standing alone, to warrant a modification of the court's disposition order. Cf. Gokey v. Gokey, 127 Vt. 334, 336, 248 A.2d 738 (1968).
*41 The gist of the father's argument before the juvenile court, repeated here, is that he is presently the person most suited to have the custody and guardianship of the child R.F. The juvenile court found this to be speculation and no change from the position taken by the father at the disposition hearing. Upon a review of the record, we find that the factors relied upon by the father either are not changes from the time of the disposition order, or, if they are changes, they do not rise to being substantial changes in material circumstances.
The father also maintains that, under the authority of our recent decision in In re N. H., 135 Vt. ___, 373 A.2d 851 (1977), he is, absent a showing of unfitness to be a parent, entitled as a matter of law to the custody of R.F. There is evidence in the record from which we could test the father's fitness to be a parent. It is unnecessary, however, to pass upon the father's fitness to have custody of R.F. In re N. H. involved an appeal from the juvenile court's disposition order awarding custody to the Commissioner of Social and Rehabilitation Services rather than to the father. There was no convincing proof in In re N. H. that the father was an unfit parent incapable of providing a suitable home for the child. In the present case, appeal was not taken from the disposition hearing and order, at which the father was present and represented by legal counsel. The legal considerations governing review of disposition orders are distinct and apart from those governing the review of petitions to modify for changed circumstances. Where the petitioner cannot, in the first instance, demonstrate the requisite substantial change in material circumstances, the question of fitness cannot serve to require a reversal of the juvenile court's order dismissing the petition.
Judgment affirmed.