### In re T. M.

[415 A.2d 1330]

No. 106-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed June 3, 1980

*M. Jerome Diamond,* Attorney General, Montpelier, and *Geoffrey A. Yudien,* Assistant Attorney General, Waterbury, for S.R.S.

*David G. Miller,* Franklin County State's Attorney, St. Albans, for State.

*Richard A. Gadbois,* Enosburg, for Defendant.

Larrow, J. On March 4, 1977, T. M. was adjudicated a child in "need of care or supervision" by the District Court of Vermont, Unit No. 3, Franklin Circuit, and legal custody of T. M. was transferred to the Commissioner of Social and Rehabilitation Services (hereinafter S.R.S.). The Commissioner, on June 20, 1977, filed a petition seeking modification of the March 4 disposition order so as to sever T. M.'s parents' residual rights, and to place her for adoption. 15 V.S.A. § 435(6). This petition was granted by order of the district court on February 23, 1979. It is from this order that appellant, T. M.'s natural mother, appeals.

On appeal, T. M.'s mother makes two contentions. First, she claims that the Commissioner's June 20 modification petition, seeking termination of residual parental rights, was legally insufficient in that it failed to allege "changed circumstances," and failed to state the grounds upon which the relief was requested, as required by 33 V.S.A. § 659(b). Second, she asserts that the final order terminating all parental rights was not supported by the evidence below.

Turning to appellant's first contention, the legal insufficiency of the June 20 petition, 33 V.S.A. § 659 enumerates the criteria necessary for obtaining modification of an existing juvenile court order. In seeking this modification, 33 V.S.A. § 659(b) requires that "[t]he petition shall set forth in concise language the grounds upon which the relief is requested."

At the modification hearing on August 8, 1978, appellant raised for the first time the Commissioner's failure to specify, in the petition, the grounds upon which this modification was sought. She claims that this makes the June 20, 1977, petition defective, and requires that the final order terminating her parental rights be vacated. A careful review of the record convinces us that this claim is untenable.

In examining the June 20 petition we find that it is a preprinted, standardized form with several blanks to be filled in with basic information (names, residence, dates, place of hearing), and states that S.R.S. "is now desirous of placing said child(ren) for adoption . . . ." Although the form does not, itself, indicate the *grounds* upon which the relief is requested, there was filed with it or near in time a supplemental report, dated June 17, 1977, detailing the grounds upon which this modification order was sought. This supplemental report was contained in the court file, and made available to all counsel approximately ten months before the hearing.

The technical failure to affix this supplemental report to the June 20 modification petition did not prejudice appellant, as she had reviewed this report well before the hearing, admitted understanding its contents, and, though asked, did not want a continuance. Prejudice must be shown by the party claiming it. *Brunelle* v. *Coffey*, 128 Vt. 367, 369, 264 A.2d 782, 783 (1970).

Although we find in the instant case no prejudice to appellant, we note in passing that it would have been better practice for S.R.S. to set out in the petition the grounds upon which the modification order was sought. This view should not be construed as overruling *In re Petition of Certain Neglected Children*, 134 Vt. 74, 349 A.2d 228 (1975) (petition need not as a matter of law detail reasons why modification sought), but only as indicating that one of the stated purposes of Title 33 ch. 12 is to assure a fair hearing and protection of the

parties' constitutional and other legal rights. 33 V.S.A. § 631(a)(4). Cf. *State* v. *Christman,* 135 Vt. 59, 60–61, 370 A.2d 624, 625 (1977) (criminal complaint must set forth charges with particularity so as to give reasonable notice to accused).

The second claim of error appellant posits is that the order severing all her parental rights was not supported by the evidence below. She claims that the four-month period between the original order adjudicating T. M. to be in "need of care or supervision" and the June 20, 1977, petition seeking termination of all parental rights is, as a matter of law, too short a time to find the "change of circumstances" necessary to grant the modification.

The time interval in the instant case is indeed short, but this is only a circumstance, however important, to be weighed by the trial court. We cannot say that it bars as a matter of law the disposition ordered. *In re R. F.,* 135 Vt. 275, 276, 376 A.2d 38, 40 (1977).

In addition, appellant's brief does not state *why* the particular facts of this case do not support the district court's careful finding of changed circumstances. This Court is not required to undertake a search for claimed error where it is not adequately briefed. *Tallarico* v. *Brett,* 137 Vt. 52, 61, 400 A.2d 959, 965 (1979).

*Judgment affirmed.*