436 A.2d 736 (1981)
In re S. A. M.
No. 222-80.
Supreme Court of Vermont.
September 1, 1981.
David G. Miller, Franklin County State's Atty., and Marianne Lipscombe, Deputy State's Atty., St. Albans, for plaintiff.
Steven P. Dunham, Franklin County Public Defender, St. Albans, for juvenile.
Nicholas L. Hadden of John Kissane Associates, St. Albans, for defendant.
Before BARNEY, C. J., and LARROW, BILLINGS, HILL and UNDERWOOD, JJ.
BARNEY, Chief Justice.
This is an appeal from an order of the district court in a proceeding under 33 V.S.A. § 632 in which the subject child was found to be in need of care and supervision. The natural mother is bringing the appeal. The putative father, to whom the mother is not married, was not a participant in the proceeding and his whereabouts was unknown. After hearing evidence the court made findings and determined the child to be in need of care and supervision under 33 V.S.A. § 632(a)(12), there being no parents *737 present to provide proper care. The mother was not present at the hearing, but counsel was assigned to represent her, and, at her direction, brings this appeal on her behalf.
Prior to May, 1980, the mother was living in an apartment in St. Albans and had the child, a girl named S.A.M., then three years old, with her. She was receiving assistance from the Department of Social Welfare. Sometime in April the mother told her parents (the grandparents of S.A.M.) that she was going to Pittsburgh, Pennsylvania. She was seeking an outlet for her art work and wanted to be nearer the copyright office in Washington, D.C., apparently in connection with her poetry.
The grandmother tried to persuade her to leave S.A.M. where she could be cared for, but on May 4 she took the bus for Pittsburgh with S.A.M. From there she apparently went on to Washington where she turned up at Congressman Jefford's office. On May 10 the child was returned to Vermont by a Virginia Protective Services worker, and the grandparents met her at the airport. They took S.A.M. into their care, but their situation is complicated by the fact that they both are employed.
The mother called the grandparents from Alexandria, Virginia. They tried to persuade her to return home, but she refused, expressing fear that she might be put in a mental institution. On May 17, she called again, giving her location as Corpus Christi, Texas. Again they sought to have her come home, but she refused, repeating her previous fear. She asked to have S.A.M. sent to her, but gave no address, no phone number nor any information about where she could be reached. She also asked that a thousand or fifteen hundred dollars be sent to her.
In the meantime, on May 12, 1980, a petition alleging S.A.M. to be a child in need of care and supervision was filed. S.A.M. was placed in the temporary custody of the Department of Social and Rehabilitation Services pending hearing. As already noted, the hearing resulted in a determination that S.A.M. was a child in need of care and supervision, the ruling hereunder appeal.
The first claim of error advanced is that the form of the petition did not give the mother constitutionally adequate notice of the grounds on which the State based its case that S.A.M. was a child in need of care and supervision.
The petition is, in large part, a printed form which sets out two grounds for proceeding under the Juvenile Procedure Act: where the child named is or may be a delinquent child, or a child in need of care or supervision. The petitioner is instructed to check the applicable category and add supporting facts. Here the petitioner-state's attorney indicated that S.A.M. was a child in need of care or supervision, and noted in addition that the mother had left Vermont with the child, relinquished custody out of state, and then refused to come back when the child was returned to Vermont.
The mother asserts that the evidence made it appear that the State's case was grounded on abandonment, and that she was entitled to rely on the failure to prove that ground and not present any evidence to counter other possible grounds, since the petition gave no clue as to the State's position.
Although there is some merit to the mother's claim that the petition is not informative as to which basis for its claim the State intends to prove, this circumstance has already been held not to amount to insufficient notice under due process standards. Moreover, there were two affidavits attached to the petition which plainly recited that the child was "without proper parental care or subsistence, education, medical or other care necessary for her well-being." 33 V.S.A. § 632(a)(12)(B). This was sufficient notice. In re T. M., 138 Vt. 427, 429, 415 A.2d 1330, 1331 (1980); In re Certain Neglected Children, 134 Vt. 74, 77-78, 349 A.2d 228, 230 (1975).
In connection with this claim the mother argues that the State, at the hearing, limited itself to the issue of abandonment. The court found otherwise and the record supports it.
*738 We do repeat here the comment made in In re T. M., supra, 138 Vt. at 429, 415 A.2d at 1331, that it would be better practice for the State to provide for specific allegations of the grounds relied on in its petition, if only to avoid the expense and interruption of appeals such as this one, which require repeated discussion of the due process contentions of unsuccessful contestants.
The second contention of the mother is that transfer of custody of her child to the state is a violation of her right to travel under the United States and Vermont Constitutions. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Her argument has as its premise that the judge's findings were based on the mother's having travelled out of state.
As noted earlier, the disposition of custody is not on appeal; the determination that the child is in need of care and supervision is at issue. The lower court did not make that determination based on the mother's travelling; rather, it found that the mother was not caring for or supervising her child. The mother is free to travel, with or without her child. If the child is in Vermont without the mother's adequate supervision or control, however, the state may justifiably step in to ensure that there is proper control and supervision of the child. This is no basis for a finding of error.
Finally, the mother contends that the petition should have been denied because there is no evidence that the grandparents either failed to provide care to the child or filed a voluntary application for protective supervision. The grandparents did not have legal custody of the child; they merely cared for her until this proceeding was commenced. Under our law, the parents of the child are the guardians of their child. 14 V.S.A. § 2641. In the case of an illegitimate child, the mother is the guardian until another is appointed. 14 V.S.A. § 2644. This status continues until altered on the basis of legal proceedings such as are involved here. Therefore the grandparents would not have properly been charged with failure to care for the child or have filed an application for protective supervision.
Moreover, there is no requirement that a voluntary petition under 33 V.S.A. § 2801(4) be the only means for the state to intervene. Under 33 V.S.A. § 645, the commissioner of social and rehabilitation services may request the state's attorney to file a petition, which gives the trial court full authority to make the determination involved here. There was no error.
Judgment affirmed.