## In re B.L., Juvenile

[543 A.2d 265]

No. 87-121

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 26, 1988

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Michael O. Duane*, Assistant Attorney General, and *Barbara L. Crippen*, Administrative Legal Assistant (On the Brief), Waterbury, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** This is an appeal by B.L., a juvenile, from an order of the juvenile court which permitted the Department of Social and Rehabilitation Services (SRS) to place him in a privately run wilderness camp in Benson, Vermont (Benson). We affirm.

The juvenile, now 15 years old, was adjudicated to be a child in need of care and supervision (CHINS) on July 2, 1986. The basis of the CHINS order was parental neglect. On October 8, 1986, legal custody of B.L. was transferred to SRS. The placement recommendation made in the disposition report was for continued detention of B.L. at Woodside, a locked facility, until a professional parent home or an appropriate group home could be found. B.L. was first placed in a number of foster homes, from each of which he repeatedly ran away. Ultimately, in January, 1987, SRS placed B.L. at Benson, a wilderness camp group home that the SRS social worker believed had an appropriate program for B.L., and would accept him in spite of his proclivity for running away. On February 17, 1987, counsel for B.L. filed a petition for a protective order, pursuant to 33 V.S.A. § 661, alleging that placement at Benson should be prohibited because it was not consistent with the recommendations of a psychological evaluation of B.L., and because Benson was used primarily for the treatment or rehabilitation of delinquents so that placement of B.L. at this facility was prohibited by 33 V.S.A. § 662(d).

The original disposition report of October, 1986, did not specifically mention Benson as a possible placement for B.L. As a result, the court granted the protective order on an interim basis and required SRS to seek a modification of the October disposition order. After a hearing on February 23, 1987, the court granted the State's petition for modification, finding the placement at Benson to be in B.L.'s best interest. It is from this order that B.L. appeals.

Appellant argues that the court's findings and the evidence presented at the modification hearing do not support the court's decision to permit B.L.'s placement at Benson. We decline to reach this issue, however, since we find the entire proceeding to modify the disposition order superfluous. We hold instead that the placement at Benson was within the power of SRS under the original order. Since the actions of the trial court reached the correct result we affirm its original order, but vacate its orders to modify and the interim protective order. See *Circus Studios, Ltd. v. Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984) ("This Court will affirm a judgment which is correct even if the grounds stated in support of it are erroneous.").

■ SRS, as legal custodian of B.L., had authority to place B.L. in Benson without judicial approval, so long as the place-

ment is not prohibited by statute. See 33 V.S.A. § 632(a)(10); *In re G.F.*, 142 Vt. 273, 280-81, 455 A.2d 805, 809 (1982). We find that SRS did not exceed its statutory authority under 33 V.S.A. § 662(d) by placing B.L. at Benson.

33 V.S.A. § 662(d) provides in pertinent part:

> [a] child found by a court to be a child in need of care or supervision . . . shall not be placed in . . . the Weeks school or . . . an institution used primarily for the treatment or rehabilitation of delinquent children.

Appellant argues that Benson is used "primarily for the treatment or rehabilitation of delinquent children" since, at any given time, more than half of the children placed there have been adjudicated as delinquents. We disagree.

The record indicates that Benson is not a restrictive placement and is considered to be a group home. The program is open to abused, neglected and unmanageable children, and no policy exists affording special priority to delinquent children. We agree with SRS that the applicability of the prohibition in § 662(d) is determined by the programmatic nature of the institution and not the percentage of the children placed there who have been adjudicated to be delinquent. The prohibitions contained in 33 V.S.A. § 662(d) absolutely preclude placement of abused and neglected children in institutions whose programs are structured primarily to meet the needs of delinquent children. Benson is not such a facility.*

■ The juvenile court has authority to review, and accept or reject, the placement recommendation and plan in the original disposition report, *In re G.F.*, 142 Vt. at 281, 455 A.2d at 809, but a "change" in the child's placement, unlike a change in legal custody, is not sufficient, standing alone, to warrant a modification of the court's disposition order. *In re R.F.*, 135 Vt. 275, 277, 376 A.2d 38, 40 (1977). Since SRS has authority to place B.L. in Benson without the juvenile court's approval, it is not necessary for us to reach the issue of the adequacy of the court's findings as to the propriety of this placement.

---

* We note that while most of the children who have attended Benson were adjudicated delinquent, the population of the camp fluctuates, and as recently as March, 1987, the population of Benson was evenly split between children adjudicated delinquent and CHINS.

*Affirmed. Orders granting modification of the disposition and granting the protective order on an interim basis vacated.*