580 A.2d 48 (1990)
In re K.H., Juvenile.
No. 89-469.
Supreme Court of Vermont.
June 15, 1990.
Motion for Reargument Denied July 12, 1990.
Jeffrey L. Amestoy, Atty. Gen., Montpelier, and Michael O. Duane, Asst. Atty. General, Waterbury, for plaintiff-appellee.
Michael Rose, St. Albans, for defendant-appellant.
Before ALLEN, C.J., and PECK, GIBSON and DOOLEY, JJ.
ALLEN, Chief Justice.
The mother of K.H. appeals from the juvenile court's order terminating her parental rights and transferring legal custody and guardianship of K.H. to the Commissioner of Social and Rehabilitation Services (SRS) without limitation as to adoption. We affirm.
SRS has had legal custody of K.H. since December, 1985. At that time, the district court found both the mother, then aged seventeen, and her eighteen-month-old child to be children in need of supervision (CHINS). SRS placed K.H. and the mother in the same foster home in order to keep the family together while the mother learned parenting skills and found employment. The mother left the foster home upon turning eighteen. K.H., however, remained in the care of the foster parents, who seek to adopt the child, now five years of age.
The court conducted a dispositional review in May, 1987 and continued SRS's custody of K.H. In November, 1988 SRS filed a petition to terminate the mother's parental rights, citing the mother's inability to resume parental responsibilities within a reasonable time and K.H.'s need for stability and permanence. The court granted SRS's petition, and the mother appealed.
The mother argues that the court erred by not making findings on the question of whether SRS made reasonable efforts to reunite mother and child as required by 42 U.S.C. §§ 670-679. We disagree.
Congress made federal funds available for foster care and adoption assistance under Title IV, Part E with passage of the Adoption Assistance and Child Welfare Act of 1980 (AAA). 42 U.S.C. §§ 620-628, 670-679. To qualify for the funding it receives, SRS must follow the guidelines prescribed by the AAA. Section 671(a) provides in pertinent part:
In order for a State to be eligible for payments ... it shall have a plan approved by the Secretary which
....
(15) ... provides that, in each case, reasonable efforts will be made (A) prior to the placement of a child in foster care, to prevent or eliminate the need for removal of the child from his home, and (B) *49 to make it possible for the child to return to his home....
With the receipt of federal funds, the mother argues that the state has undertaken a duty to make reasonable efforts to reunify separated children with their natural parents, a duty which the federal government may enforce[1] and which bestows corollary rights on private parties as well. In essence, the mother contends that the AAA creates an implied right of action which she may assert in a state juvenile court proceeding, and upon which the court must make findings.
The mother primarily relies on In re Burns, 519 A.2d 638 (Del.1986), in which the Delaware Supreme Court reversed a termination of parental rights order because of the failure of the Delaware Division of Child And Protective Services (DCPS) and the Children's Bureau to provide adequate reunification services to the mother. The court based its decision on Delaware law requiring preplacement and preventative services and on the AAA, including that portion cited by the mother here, 42 U.S.C. § 671(a)(15). According to the court, both Delaware and the AAA imposed affirmative obligations on DCPS and the Children's Bureau to make all reasonable efforts to prevent a child's removal from its mother and to reunify the family after separation. Burns, 519 A.2d at 648. The court charged the family court with the responsibility to ensure meaningful compliance with the AAA. In termination of parental rights cases, the Delaware Supreme Court directed the family court to make appropriate findings of fact and conclusions of law regarding the state's bona fide efforts to satisfy its own statutory obligations. Id. at 649.
We decline to follow the approach of the Delaware Supreme Court. We have recently had occasion to discuss the application of the AAA to juvenile court proceedings in In re J.S., 153 Vt. ___, 571 A.2d 658 (1989). In that case, the juvenile sought to prevent a change of placement from a foster home to a staff-secure residential treatment center. The juvenile moved for a protective order and argued that the twelve-month case plan review conducted by SRS failed to satisfy the administrative review requirements mandated by 42 U.S.C. § 675(6). We focused on the limited jurisdiction of the juvenile court and did not reach the question of whether the twelve-month review met the requirements of the AAA. Id. at ___, 571 A.2d at 661. This case warrants the same approach. "The juvenile court exercises special and very limited statutory powers. Generally, unless statutory authority exists for a particular procedure, the juvenile court lacks the authority to employ it." Id. (citation omitted). The court in Burns did not identify the origin of the family court's authority to enforce the AAA. We will not simply assume it exists and cannot find the source of such authority in the juvenile code.[2] The juvenile court was without jurisdiction in the context of a termination hearing to consider the state's compliance with the reunification requirements of 42 U.S.C. § 671(a)(15). Therefore, findings on this issue were not required and the court did not err by declining to issue them.
Affirmed.
NOTES
[1] The Secretary of the Department of Health and Human Services may withhold funds if the state does not comply with the provisions of § 671(a) or substantially fails to comply with the provisions of the plan. 42 U.S.C. § 671(b).
[2] The Burns decision also does not explain how the mother could raise claims based on the state's failure to comply with the federal act. As a preliminary matter, one bringing a claim under the AAA must establish that the act contains an implied private right of action or creates rights enforceable under 42 U.S.C. § 1983. See Boatowners & Tenants Ass'n v. Port of Seattle, 716 F.2d 669, 674 (9th Cir.1983) (one asserting a federal statutory right bears the burden to make an affirmative showing of congressional intent to create a private right of action); B.H. v. Johnson, 715 F.Supp. 1387, 1400 (N.D.Ill.1989) (plaintiffs asserting cause of action under 42 U.S.C. § 1983 bore the burden to prove that Congress intended to create enforceable rights within the AAA as a condition of federal funding). We express no opinion regarding whether the AAA creates rights enforceable under either of these theories in contexts other than juvenile court.