**In re E.L., Juvenile**

[764 A.2d 1245]

No. 00-313

November 21, 2000. E.L. appeals from a family court order that denied his motion for a protective order sought under 33 V.S.A. § 5534(2). E.L. claims that the court erred in concluding that it had no authority to issue a protective order to prevent the Department of Social and Rehabilitation Services (SRS) from placing him at a residential facility. We reverse and remand.

In November 1999, the family court terminated the parental rights of E.L.'s mother and father and transferred custody of E.L. to the Commissioner of SRS

without limitation as to adoption. At that time, E.L. was placed with his paternal aunt and uncle, where the court found that E.L. had made progress in his behavior and in his school work. Further, the court found that "[t]hese improvements are directly attributable to the commitment that the [foster parents] have made to [E.L.] and the psychotherapeutic and other services he has received in foster care." Moreover, the court found that despite E.L.'s lack of successful peer relationships, he had formed meaningful relationships with numerous adults, including his respite worker, his case manager, his psychotherapist and his guardian ad litem. Finally, the court concluded that E.L. was still at risk, as he suffered from reactive attachment disorder and that his primary need was "for permanency in a stable, safe, family environment that can support his emotional well-being." The court noted that "[s]hould he fail to develop the ability to empathize with others he will be at risk for criminal and other antisocial behavior and an inability to form meaningful relationships as he moves through adolescence and into adulthood."

In January 2000, E.L. was placed in the foster care home that had served as his respite placement since September 1999, but the following month was removed and placed at the Community House for an evaluation concerning residential placement. In April 2000, the Community House report recommended a residential treatment facility, and in May, SRS indicated at the case plan review meeting that it intended to place E.L. at a residential treatment facility in Brattleboro. E.L.'s attorney filed a motion for a protective order to prevent placement in the Brattleboro residential treatment facility. The motion was supported by affidavits from E.L.'s foster parent, counselor, psychotherapist and guardian ad litem, all claiming that residential placement would be detrimental to E.L.'s health because it

would exacerbate his detachment disorder. The motion was denied.

E.L. appeals from the family court order, which held, without evidentiary hearing, that it did not have authority to issue a protective order to prevent placement at the Brattleboro facility. On appeal, E.L. contends that the court erred in concluding that it did not have authority under 33 V.S.A. § 5534(2) to issue a protective order concerning any SRS placement, and he requests a remand for an evidentiary hearing. Section 5534(2) provides that the court may, upon a party's motion or its own motion, issue an order restraining conduct if "[t]he court finds that such conduct [1] is or may be detrimental or harmful to the child, and [2] will tend to defeat the execution of the order of disposition made." In reaching its decision to deny E.L.'s request for a protective order, the court relied on *In re J.S.*, 153 Vt. 365, 571 A.2d 658 (1989), and *In re B.F.*, 157 Vt. 67, 595 A.2d 280 (1991). E.L. contends that neither case supports the court's decision. We agree.

In *J.S.*, a juvenile in SRS custody moved — under 33 V.S.A. § 661(2), the predecessor to 33 V.S.A. § 5534 — for a protective order to prevent his placement at a residential treatment facility in Burlington. J.S. claimed that there had been a series of incidents of sexual abuse at the facility, which the staff had failed to report properly to SRS. Consequently, J.S. concluded that placement at the facility put him at risk of sexual abuse. The trial court denied the motion, and this Court affirmed that decision because the record showed that SRS had thoroughly investigated the facility, which had consequently implemented remedial controls. *J.S.*, 153 Vt. at 371, 571 A.2d at 662. Accordingly, the Court concluded that the placement would not increase the danger of abuse, and that "J.S. failed to establish that the proposed placement would be to his harm or detriment." *Id.*

In *B.F.*, SRS appealed from a juvenile court protective order restraining SRS

from transporting B.F. to court in restraints. After "conducting the inquiry required by § 5534(2)," the trial court concluded that the use of chains and restraints was harmful to the child's self-esteem and would tend to defeat the execution of any therapeutic disposition to be made. *B.F.*, 157 Vt. at 69, 595 A.2d at 281. This Court vacated the order because B.F. had not shown that the manner of transport tended to defeat the execution of the disposition order. *Id.* at 71, 595 A.2d at 282. Accordingly, he had not satisfied the second prong of § 5534(2) as required for a protective order.

Neither *J.S.*, nor *B.F.*, holds that the court is without authority to issue a protective order concerning an SRS placement. On the contrary, in both cases, the trial court held a hearing, made findings, and determined whether the juvenile satisfied the two-prong test under § 5534(2). In *J.S.*, the juvenile failed to establish the first prong — that the proposed placement would be to his harm or detriment, and in *B.F.*, the juvenile failed to establish the second prong — that use of the restraints tended to defeat execution of the disposition order.

It is true that the court lacks authority to order SRS to make a specific placement of a child; SRS, as the legal custodian, has the authority to place the child without judicial authority. *In re B.L.*, 149 Vt. 375, 376-77, 543 A.2d 265, 266 (1988). Nonetheless, under 33 V.S.A. § 5534(2), the court may restrain conduct that is harmful to the child and will tend to defeat the disposition, even if that conduct is a placement by SRS. Thus, the court may prohibit an SRS placement when the moving party satisfies the two statutory criteria. Here, the court failed to hold an evidentiary hearing or make findings on the two § 5534(2) criteria. Moreover, having determined that it had no authority to issue a protective order concerning an SRS placement, the court did not exercise its discretion in deter-

614

mining whether it was appropriate under § 5534(2) to issue a protective order. See *J.S.*, 153 Vt. at 370, 571 A.2d at 661 (question of whether to issue protective order is committed to sound discretion of trial court).

SRS contends that the court did not abuse its discretion by failing to conduct a full evidentiary hearing because, at best, the court would have heard conflicting expert opinions on the decision to place E.L. in a residential facility. Under such circumstances, SRS maintains that no hearing is necessary because SRS, as the legal custodian, may determine the appropriate placement. We agree that generally, under § 5534(2), no hearing is necessary where the parties' memoranda show that SRS, as legal guardian, has followed the advice of appropriate experts, even if other experts disagree on the placement. In this case, however, the juvenile has met a higher threshold showing that requires the court to hold a hearing.

Here, the juvenile has presented affidavits from his foster parent, his counselor, his psychotherapist and his guardian ad litem all contesting residential placement because it would be detrimental to his health by exacerbating his detachment disorder. Indeed, the order for residential treatment appears to sever the only meaningful relationships that E.L. has formed, as found by the court in the termination order, the relationships with the people filing the affidavits. In addition, the juvenile has shown that residential treatment is directly contrary to findings and conclusions upon which the court ordered termination of parental rights. That order concluded that E.L.'s primary need, due to his reactive detachment disorder, was for a stable, safe, family environment in which he could develop meaningful relationships.

In view of this showing, we cannot conclude that a hearing would merely reveal conflicting expert opinions, from which SRS is free to choose. Here, E.L.'s affidavits claim that SRS adopted a placement opinion diametrically opposed to (1) the SRS opinion presented six months previously at the termination hearing and (2) to all of the individuals that the termination order found most important to E.L.'s well-being. Accordingly, in this case, we conclude that it is necessary to reverse and remand for an evidentiary hearing to determine whether the conduct E.L. seeks to restrain "may be detrimental or harmful to the child, and will tend to defeat the execution of the order of disposition made." 33 V.S.A. § 5534(2).

*Reversed and remanded.*