*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-424

MAY TERM, 2015

| | |
|---|---|
| Adam George<br>(Office of Child Support) | } APPEALED FROM: |
| | } |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| | } |
| Bahji Adams | } DOCKET NO. 200-3-13 Cndm |

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Mother appeals pro se from a family court order denying her V.R.C.P. 60(b) motion for relief from enforcement of an out-of-state support order, and denying her motion for reimbursement of garnished wages. We affirm.

Although this matter has a lengthy procedural history, the material facts as recounted by the trial court may be briefly summarized. The parties were divorced in November 2007 pursuant to a final divorce judgment of the Georgia Superior Court. The court awarded sole legal and physical custody of the parties' child to father, and ordered mother to pay child support in the amount of $601 per month.

Mother filed a number of subsequent unsuccessful motions in Georgia to set aside the judgment based, in part, on her claim that the court had violated the Americans with Disabilities Act (ADA) by failing to accommodate psychological disabilities she allegedly suffered as the result of a 2003 car accident. She also filed suit in federal district court against the Georgia state courts and state officials claiming that they had violated her rights under the ADA and her right to due process. Adams v. Georgia, No. 1:07-CV-2924-WSD-CCH, 2008 WL 649179 (N.D. Ga. Mar. 5, 2008). The federal court dismissed the suit, finding that mother had failed to "provide any credible or specific facts to support her allegations," and that her claims of disability, discrimination, and due process violations were "entirely without merit" and "frivolous." Id. at *3-4.

Mother later moved to Vermont. Father, in response, registered the Georgia order with the Office of Child Support (OCS), which then filed the foreign judgment for confirmation with the family division in March 2013. See 15B V.S.A. § 602(a) & (b) (providing that support order of another state may be registered in Vermont by sending it to the office of child support, which "shall cause the order to be filed as a foreign judgment"). Mother filed objections to the enforcement of the order in April, and appeared with counsel at a hearing before a magistrate in

May 2013. The magistrate then issued a brief order noting that mother had agreed to registration of the order but had reserved her arguments against its enforcement for a subsequent hearing.

In June 2013, the court held a hearing to address mother's objections to enforcement of the order. Although mother appeared with counsel, as she later acknowledged in her Rule 60(b) motion, "the claims that she had raised in her April 2013 pleading, and any other possible claims opposing enforcement, were not aired." Accordingly, on June 18, 2013, the magistrate issued an order finding that mother "did not raise any defenses to confirmation or enforcement" of the Georgia order, confirmed the support obligation of $601 per month, and authorized garnishment of her wages.

Mother filed a number of subsequent motions over the next year, two of which are now before us. In March 2014, mother filed a V.R.C.P. 60(b) motion for relief from the magistrate's order confirming the registered out-of-state judgment. The following month, she filed a motion for "reimbursement of excess garnishment." The magistrate denied both motions. Mother appealed, and the family division affirmed the magistrate's orders in a written decision issued in October 2014. This pro se appeal by mother followed.

Mother contends the court erred in denying her Rule 60(b) motion, asserting that the ruling was "yet . . . one more discriminatory measure" in violation of the ADA and due process. Our review is limited. "The decision on a Rule 60(b) motion is committed to the sound discretion of the trial court and will stand on review unless the record clearly and affirmatively indicates that such discretion was withheld or otherwise abused." Bingham v. Tenney, 154 Vt. 96, 99 (1990). Such a motion "is not intended to function as a substitute for a timely appeal." Tetreault v. Tetreault, 148 Vt. 448, 451 (1987).

As the trial court found, and the record summarized above shows, mother was afforded a full opportunity to challenge the validity and enforcement of the Georgia order, as provided by 15B V.S.A. § 606 (providing that a party may request a hearing to contest the "validity or enforcement of a registered order") and § 607 (delineating the defenses available to "[a] party contesting the validity or enforcement of a registered order or seeking to vacate the registration"). She appeared at the hearing with counsel, but did not raise the claims that she now asserts render the out-of-state judgment void, and did not appeal the order confirming the Georgia judgment. Having failed to do so, she is specifically precluded by statute from raising any subsequent collateral attack. See id. § 608 ("Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order before the tribunal with respect to any matter that could have been asserted at the time of registration."). Even if she were not so barred, moreover, the trial court here was correct in concluding that mother had advanced no adequate grounds for invalidating the Georgia order, noting that her due process and ADA claims were unsupported and had been rejected by a federal court as "entirely without merit." We thus discern no basis to disturb the court's ruling.

Mother also asserts that the court erred in denying her motion for reimbursement of garnished wages. She claims that her rights were violated during certain months in 2013 when more than $601 was garnished on a monthly basis. As the court accurately explained, however, the amount withheld in mother's bi-weekly paychecks was necessarily based on the "annualized amount of child support," 15 V.S.A. § 785(a)(1), which resulted in some months being slightly

2

under $601 and some months slightly over. Accordingly, we find no grounds to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice